United States District Court
for the
Southern District of Florida

| General Property Construction Co., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-23688-Civ-Scola |
| | ) | |
| Empire Office, Inc., | ) | |
| Defendant. | ) | |

**Opinion Order On Motion To Drop Party For Misjoinder**

This matter is before the Court upon Counter-Defendant Erik Dreke's ("Dreke") motion to drop party for misjoinder or in the alternative, motion to dismiss count five of the counterclaim. (the "Motion," ECF No. 10.) filed by Defendant/Counter-Plaintiff Empire Office, Inc. ("Empire") (ECF Nos. 6, 10). Having considered the parties' submissions and the applicable law, the Court **grants** the Motion (**ECF No. 10**).

1. **Background**

This action arises from a contract dispute relating to a construction project in Miami (the "Project"). Defendant/Counter-Plaintiff Empire Office, Inc. ("Empire") is a subcontractor on the Project and entered into a sub-subcontract with Plaintiff/Counter-Defendant General Property Construction Company ("GPCC"). (ECF No. 1-4 at ¶¶ 7, 8.)

Soon after the parties entered that agreement, GPCC sued Empire in Florida state court for breach of contract. (*Id.*) Empire removed the action to this Court based on federal diversity jurisdiction. (ECF No. 1.) Once in federal court, Empire answered the complaint and filed five counterclaims against GPCC and Dreke, as a "joined party under Rule 19(a)." (ECF No. 6.) Dreke was not an original party to this action. Empire brought three counterclaims only against GPCC: two counts for breach of contract and one count for negligence. (*Id.*) As for Dreke, Empire sued him for fraud in the inducement and negligence. GPCC was not a party to either of the claims brought against Dreke.

Dreke then filed the Motion, arguing that he is improperly joined as a party to this action.[1] (ECF No. 10.) Specifically, Dreke argues that Fed. R. Civ.

---

[1] In the alternative, Dreke argues that Empire fails to state a claim for negligence.

P. 13(h) does not authorize a defendant to assert a counterclaim solely against a third-party. Empire filed a response brief in opposition, to which Dreke replied. (ECF Nos. 16, 17.)

## 2. Analysis

Federal Rules of Civil Procedure 13 and 14 govern the claims a defendant may make in a civil action. Fed. R. Civ. P. 13, 14. Those rules do not permit a defendant to counterclaim "solely against persons who are not already parties to the original action." Charles Wright, Arthur Miller, & Mary Kane, Federal Practice & Procedure § 1435 (3d ed. 2010); *F.D.I.C. v. Bathgate*, 27 F.3d 850, 873–74, n. 13 (3d Cir. 1994); *Various Markets, Inc. v. Chase Manhattan Bank*, 908 F. Supp. 459, 471 (E.D. Mich. 1995); *AllTech Commc'ns, LLC v. Bros.*, 601 F. Supp. 2d 1255, 1261 n.3 (N.D. Ok. 2008). Indeed, Rule 13(h) only permits joinder of parties to a counterclaim when the counterclaim is also asserted against an existing party to the suit. *See AllTech*, 601 F. Supp. 2d at 1261 (collecting cases and summarizing that the "weight of authority holds that Rule 13(h) cannot be used to assert a counterclaim or crossclaim solely against an unnamed party"); *B&D Nutritional Ingredients, Inc. v. Unique Bio Ingredients, LLC*, No. 16-62364, 2017 WL 8751751, *2 (S.D. Fla. Jan 25, 2017) (Cohn, J.) (same and dismissing claims against improperly joined third-party counterclaim defendants); *CreditMax Holdings, LLC v. Kass*, No. 11-81056, 2012 WL 12854879, **2-3 (S.D. Fla. July 24, 2012) (Ryskamp, J.) ("Joinder of third parties under Rule 13(h) is permissible only to adjudicate a counter-claim or cross-claim against an existing party," and granting motion to dismiss third-party counterclaim defendants).

Here, the two nominal counterclaims against Dreke are asserted *solely* against Dreke, who was not an original party to this action. Because Empire does not bring either of those counterclaims against GPCC, the only other original party to this suit, Rule 13(h) is not a vehicle for joinder of Dreke here. As such, the Court **grants** the Motion, drops Dreke from this suit and dismisses all counterclaims brought by Empire against him.

## 3. Conclusion

In sum, the Court **grants** the Motion (**ECF No. 10**), drops Dreke from this suit and dismisses all counterclaims brought against him by Empire. Dreke's motion for summary judgment (**ECF No. 45**) is **denied as moot.**

**Done and ordered**, in Chambers, at Miami, Florida on July 9, 2019.

_____
Robert N. Scola, Jr.
United States District Judge