United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| General Property Construction Co., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-23688-Civ-Scola |
| | ) | |
| Empire Office, Inc., | ) | |
| Defendant. | ) | |

### **<u>Opinion Order Denying the Defendant/Counter-Plaintiff's Motion for Clarification and Related Relief</u>**

Before the Court is a motion for clarification, reconsideration, and related relief as to opinion order dropping Erik R. Dreke (the "Motion," ECF No. 71) filed by the Defendant/Counter-Plaintiff Empire Office, Inc. ("Empire"). Having considered the parties' submissions, all accompanying exhibits, the record in this case and the applicable law, the Court **denies** the Motion (**ECF No. 71**) as described below.

1. **<u>Background</u>**

This action arises from a contract dispute relating to a construction project in Miami (the "Project"). Empire is a subcontractor on the Project and entered a sub-subcontract with Plaintiff/Counter-Defendant General Property Construction Company ("GPCC") to complete certain work on the Project. (ECF No. 1-4 at ¶¶ 7, 8.) Erik R. Dreke ("Dreke"), allegedly, is "the state certified general contractor and licenseholder that qualifies" GPCC to perform construction work in Florida. (ECF No. 71-1 at ¶ 43.)

Soon after the parties entered that agreement, GPCC sued Empire in Florida state court for breach of contract. (ECF No. 1-4 at ¶¶ 7, 8.) Empire removed the action to this Court based on federal diversity jurisdiction. (ECF No. 1.) Once in federal court, Empire answered the complaint and filed five counterclaims against GPCC and Dreke, as a "joined party under Rule 19(a)." (ECF No. 6.) Of the five claims originally asserted by Empire, three were brought as counterclaims against GPCC only (two counts for breach of contract and one count for common law negligence), and two were asserted solely against Dreke (one count for fraud in the inducement and one count for negligence).

Dreke then filed a motion to drop both claims brought against him, arguing that Empire improperly joined him as a party to this suit. (ECF No. 10.) Specifically, Dreke argued that Rule 13(h), Fed. R. Civ. P., does not authorize a

defendant to assert a counterclaim solely against a third-party. In the alternative, Dreke argued that Empire failed to state a claim for negligence. The Court agreed with Dreke, granted the motion and dropped Dreke from this suit, dismissing without prejudice both claims brought against him. (the "Order," ECF No. 67.)

Empire then filed the Motion, requesting the Court to: (1) clarify its ruling in the Order so as to "join[] Dreke as party to the Negligence Counts (Count III and V) in the counterclaim and finding that Empire satisfied the requirements for permissive joinder of Dreke under Rule 20," (ECF No. 71 at pp. 2-4); (2) reconsider the Order and permit the joinder of Dreke based on newly discovered evidence, (*id.* at pp. 4-8); (3) grant Empire leave to file an amended or supplemental counterclaim asserting a single negligence claim against both GPCC and Dreke, (*id.* at pp. 8-9); and (4) grant Empire leave "to appeal if appropriate as to the relief sought in the instant motion," (*id.* at p. 10). Empire attached its proposed amended counterclaim to the Motion. (ECF No. 71-1.)

GPCC opposes the Motion, arguing: (1) that Empire's arguments for clarification and reconsideration inappropriately rehash the same legal arguments raised and rejected in the Order and does not submit new evidence warranting reconsidering, (ECF No. 74 at pp. 2-5); and (2) that the request for leave to file an amended counterclaim should be denied because further amended would be futile, (*id.* at pp. 5-7). Empire filed a reply brief. (ECF No. 80.)

## 2. **Legal Standards**

Federal Rule of Civil Procedure 60(b) provides:

> [A] court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

It "is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through—rightly or wrongly." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.).

> The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the

parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Id.* (citation omitted).

Further, requests for leave to amend a pleading are governed by Federal Rule of Civil Procedure 15. Under Rule 15(a)(2), a party seeking to amend its complaint may do so only with the opposing party's written consent or the court's leave. According to the rule, leave should be freely given when justice so requires. Rule 15(a) reflects a policy of "liberally permitting amendments" and absent a "substantial reason to deny leave to amend" a plaintiff's request should be granted. *Espey v. Wainwright,* 734 F.2d 748, 750 (11th Cir. 1984). Nonetheless, "a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Maynard v. Bd. of Regents of Div. of Universities of Florida Dep't of Educ. ex rel. Univ. of S. Florida,* 342 F.3d 1281, 1287 (11th Cir. 2003) (quotations omitted). "Futility justifies the denial of leave to amend where the complaint, as amended, would still be subject to dismissal." *Patel v. Ga. Dep't BHDD*, 485 F. App'x 982, 982-83 (11th Cir. 2012) (affirming denial of motion for leave to amend where proposed amendments would be futile); *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (same).

### 3. **Analysis**

In its Motion, Empire raises four arguments. The Court denies each as follows. First, Empire argues that the Court should clarify the Order so as to "join[] Dreke as party to the Negligence Counts (Count III and V) in the counterclaim and find[] that Empire satisfied the requirements for permissive joinder of Dreke under Rule 20," (ECF No. 71 at pp. 2-4.) Second, it argues that the Court should reconsider the Order and permit the joinder of Dreke based on newly discovered evidence, (*id.* at pp. 4-8.) The first and second arguments raised improperly request the Court to rethink its legal analysis in the Order. The Court fully considered the parties' briefing on the motion to drop Dreke, (ECF Nos. 10, 16, 17), as well as their submissions on Dreke's motion for summary judgment raising substantially the same arguments, (ECF Nos. 45, 56, 59), prior to issuing the Order. Because the requests for clarification and reconsideration merely urge the Court to rethink its prior legal analysis, they are not proper subjects for a motion to reconsider and are denied accordingly. *See Z.K. Marine Inc.*, 808 F. Supp. at 1563 ("It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through—rightly or wrongly."); *Roggio*

*v. United States*, 2013 WL 11320226, at *1 (S.D. Fla. July 30, 2016) (Goodman, Mag. J.) ("[W]hen there is mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted." (internal citation and quotations omitted)).

Third, Empire argues that the Court should grant Empire leave to file an amended or supplemental counterclaim, which lodges a single negligence claim against both GPCC and Dreke, as well as a claim for fraudulent inducement solely against Dreke, (*id.* at pp. 8-9). The Court denies its request for leave to file an amended counterclaim because doing so would be futile in light of the Order and prevailing Florida law.

Empire's proposed amended negligence claim is futile because it "would still be subject to dismissal." *See Patel*, 485 F. App'x 982 at 982-83. The proposed counterclaim's negligence count alleges that Dreke "owed a nondelegable duty to Empire" and that his duty was breached due to "insufficient and improper supervision." (ECF No. 71-1 ¶¶ 42, 47.) The Florida Supreme Court held that although "a qualifying agent for a corporation has a duty to supervise a corporation's construction projects" under §§ 489.119, 489.1195, Florida Statutes, the failure to meet that duty "does not give rise to a private cause of action against a corporation's qualifying agent." *Murthy v. N. Sinha Corp.*, 644 So. 2d 983, 985 (Fla. 1994). In other words, merely breaching the statutory duty to supervise the construction project cannot give rise to a negligence claim. Only if Empire alleged that it suffered some injury independent of the alleged statutory violations, *i.e.* an injury not resulting from Dreke's failure to supervise, can it sufficiently state a claim. *See Hucke v. Kubra Date Transfer Ltd., Corp.*, 160 F. Supp. 3d 1320, 1326 (S.D. Fla. 2015) (Rosenberg, J.) ("nothing in *Murthy* stands for the proposition that a plaintiff may assert a common law claim where Plaintiff has not alleged any injury that would exist independent of the purported statutory violations."); *but see, Evans v. Taylor*, 711 So. 2d 1317, 1318 (Fla. 3d DCA 1998) (reversing the dismissal of the qualified agent because he "himself undertook repairs to the residence which were defective and not in compliance" and the injury was not solely based on his statutory duty).

The proposed amended counterclaim also brings a claim for fraud in the inducement claim against only Dreke. This claim is futile because, as the Court previously ordered, the Federal Rules of Civil Procedure "do not permit a defendant to counterclaim "solely against persons who are not already parties to the original action." (ECF No. 67 at p. 3.) Even if Empire's fraud in the inducement amendment is not futile for the reasons previously stated in the Order, Empire's proposed allegations are subject to dismissal on the merits. Dreke's alleged misrepresentations, for example that "he would himself personally supervise and ensure the highest quality workmanship" and "that his

expertly trained and supervised crews performed nothing but the highest quality work," amount to puffery, and are permissible under Florida law. ECF No. 71-1 ¶ 60; *see also*, *MDVIP, Inc. v. Beber*, 222 So. 3d 555, 561 (Fla. 4th DCA 2017) ("The status of being the 'finest' or the 'best' is a matter of opinion, and the allegations of fraud from the use of these terms cannot stand."). Moreover, many or all of the alleged fraudulent misrepresentations, such as that he would ensure that "all requirements of the Prime Subcontract" are met, are encompassed in the written contract, and are therefore barred. ECF No. 71-1 ¶ 59; *see Peebles v. Puig*, 223 So. 3d 1065, 1068 (Fla. 3d DCA 2017) ("It is well settled in Florida that, where alleged misrepresentations relate to matters already covered in a written contract, such representations are not actionable in fraud.").

Empire's fourth argument is that the Court grant Empire leave "to appeal if appropriate as to the relief sought in the instant motion," (*id.* at p. 10). Empire does not develop its argument, and requests leave to appeal in one sentence in its conclusion. This is insufficient to raise a request for an interlocutory appeal. *See Singh v. U.S. Atty. Gen.*, 561 F.3d 1275, 1278 (11th Cir. 20009) ("simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes [consideration of] the issue on appeal.").

Therefore, the Motion (**ECF No. 71**) is **denied.**

**Done and ordered** at Miami, Florida, on August 23, 2019.

Robert N. Scola, Jr.
United States District Judge