United States District Court
for the
Southern District of Florida

| General Property Construction Co., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-23688-Civ-Scola |
| | ) | |
| Empire Office, Inc., Defendant. | ) | |

### Order on Motion for Reconsideration

Empire Office, Inc. ("Empire") files a limited motion for reconsideration, requesting that the Court reconsider a finding of fact in its summary judgment order. (ECF No. 105.) Specifically, Empire argues that the Court did not correctly cite to General Property Construction Co.'s proposal, which Empire maintains represents the terms of their agreement. The allegedly agreed upon proposal does not have the same termination provision as the document cited by the Court.

Empire does not indicate whether it is moving for reconsideration under Rule 59 or 60. Empire cannot move pursuant to Federal Rule of Civil Procedure 60 because the rule does not govern motions requesting a court to revisit non-final, interlocutory orders, including rulings that deny summary judgment. *See Schmeltz v. Monroe County*, 954 F.2d 1540, 1542 (11th Cir. 1992) ("Generally, an order denying a motion for summary judgment is not an appealable final order.") Empire's motion for reconsideration also fails pursuant to Rule 59. "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact. A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Because Empire's motion does not present new facts or new law but merely urges the Court to rethink its previous decision, the Court must deny the motion. *See* Fed. R. Civ. P. 59(e).

The Court notes that "[a] summary judgment…is made on the basis of facts established on account of the absence of contrary evidence or presumptions; such establishments of fact are rulings on questions of law as provided in Rule 56(a) and are not shielded by the 'clear error' standard of review." Fed. R. Civ. P. 52(c); *see also, Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1299 (11th Cir. 1983) ("When faced with a motion for summary judgment it is no part of the trial court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried."). Any facts discussed in the Court's previous order are not binding at trial.

Empire's motion for reconsideration (**ECF No. 105**) is **denied**.

(Continued on following page)

**Done and ordered** at Miami, Florida on September 17, 2019.

_____
Robert N. Scola, Jr.
United States District Judge